## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL BANKALTER, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| CAMPBELL SOUP COMPANY, DENISE M. MORRISON, and ANTHONY P. DISILVESTRO, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Michael Bankalter ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Campbell Soup Company ("Campbell" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a federal securities class action on behalf of all persons and entities who purchased or otherwise acquired Campbell common stock between August 31, 2017, and May 17, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Campbell is a global food company that sells soups, packaged meals, beverages, snacks, and packaged fresh foods.   The Company's Campbell Fresh division includes: Bolthouse Farms fresh carrots, carrot ingredients, refrigerated beverages and refrigerated salad dressings; Garden Fresh Gourmet salsa, hummus, dips and tortilla chips; and the U.S. refrigerated soup business.

3.      Prior to the Class Period, Campbell Fresh had experienced negative profitability growth and was continuing on this downward trajectory. Nevertheless, throughout the Class Period, the Company and its senior executives assured investors that it was righting the ship.

6.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's Campbell Fresh division was suffering from known business headwinds, negatively impacting its profitability; and (ii) as a result, the Company's public statements as set forth above were materially false and misleading at all relevant times.

7.      Beginning on November 21, 2017, and ending on May 17, 2018, the true state of affairs at Campbell Fresh began to emerge. Specifically, it was fully revealed by the end of the

Class Period that Campbell Fresh would not be able to return to profitability in fiscal 2018. By the end of the Class Period, Campbell common stock had fallen dramatically, to close at $34.37 per share on May 18, 2018.

8.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9.      The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

11.     Venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b). Campbell is headquartered in this District, Defendants conduct business in this District, and a significant portion of Defendants' actions took place within this District.

12.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets. Campbell's common stock trades in an efficient market on the New York Stock Exchange ("NYSE") under the ticker symbol "CPB."

## PARTIES

13.    Plaintiff, as set forth in the attached Certification, acquired Campbell securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

14.    Defendant Campbell is a New Jersey corporation with its principal executive offices located at One Campbell Place, Camden, New Jersey 08103.

15.    Defendant Denise M. Morrison ("Morrison") was the President and Chief Executive Officer of Campbell from the beginning of the Class Period through May 18, 2018.

16.    Defendant Anthony P. DiSilvestro ("DiSilvestro") is and, throughout the Class Period, was the Senior Vice President and Chief Financial Officer of Campbell.

17.    The Defendants referenced above in ¶¶ 15-16 are sometimes referred to herein collectively as the "Individual Defendants."

18.    The Individual Defendants possessed the power and authority to control the contents of the Company's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

19.     Campbell is a global food company that sells soups, packaged meals, beverages, snacks, and packaged fresh foods.

20.     The Company is divided into three divisions: (i) "Americas Simple Meals and Beverages," which includes brands such as Campbell's soup, Swanson broth, Prego pasta sauce, Pace salsa, and V8 vegetable juice; (ii) "Global Biscuits and Snacks," which includes brands such as Pepperidge Farms, Snyder's of Hanover pretzels, Cape Cod potato chips, Pop Secret popcorn, and Lance crackers; and (iii) "Campbell Fresh," which includes Bolthouse Farms fresh carrots and carrot ingredients, Bolthouse Farms refrigerated beverages, Bolthouse Farms salad dressings, Garden Fresh Gourmet salsa, and Garden Fresh Gourmet hummus.

### Materially False and Misleading Statements Issued During the Class Period

21.     The Class Period begins on August 31, 2017, when the Company announced of its financial results for the fourth quarter and full fiscal year 2017, and issued fiscal year 2018 financial guidance for adjusted earnings before interest and taxes ("EBIT") growth ranging from -1% to 1%, adjusted earnings per share ("EPS") growth ranging from 0% to 2%, and EPS of $3.04 to $3.11.

22.     On that same day, the Company held its quarterly conference call, during which Defendant Morrison stated that the Company expected the Campbell Fresh division to "return to profitable growth in fiscal 2018" and "plan[ned] for the [Campbell Fresh division] to grow profitably in fiscal 2018." On that same call, Defendant DiSilvestro assured investors that the Company "expect[ed] [Campbell Fresh] to have sufficient capacity to support [the Company's] growth plans in fiscal 2018."

23.    The statements referenced in ¶¶ 21-22 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's Campbell Fresh division was suffering from known business headwinds, negatively impacting its profitability; and (ii) as a result, the Company's public statements as set forth above were materially false and misleading at all relevant times.

### The Truth Begins to Emerge

24.    The truth concerning Campbell Fresh first began to emerge on November 21, 2017, when Campbell announced its financial results for the first quarter 2018. In connection with that announcement Defendant Morrison iterated that "Campbell Fresh sales were comparable to a year ago," despite the Company's disclosure that Campbell Fresh operating earnings decreased from a gain of $1 million in first quarter fiscal 2017 to a loss of $6 million in first quarter fiscal 2018.

25.    As a result, Campbell lowered its guidance for fiscal year 2018 for EBIT growth to between -4% and -2%, and EPS growth to between -3% and -1%.

26.    Despite the above disclosures, on the Company's quarterly conference call Defendant Morrison told investors that the Company "continue[d] to expect Campbell Fresh to return to profitable growth this fiscal year[.]" Similarly, Defendant DiSilvestro similarly noted that the Company "expect[ed] to see profitability pretty quick in Campbell Fresh."

27.    On this news, the price of Campbell common stock fell over 8%, to close at $45.84 per share on November 21, 2017.

28.     Then, on February 16, 2018, the Company announced its financial results for the second quarter of fiscal year 2018. Specifically, the Company announced "disappointing" results, which were "driven by continued challenges in . . . Campbell Fresh." Defendant Morrison commented on the Company's performance, stating, "Campbell Fresh did not meet expectations" as "[s]ales did not recover as anticipated." Specifically, Campbell Fresh's sales "decreased 1 percent to $257 million driven primarily by sales declines in *Bolthouse Farms* refrigerated beverages." Similarly, the Company reported that Campbell Fresh's operating earnings declined from a loss of $3 million in second quarter fiscal 2017 to a loss of $11 million in second quarter fiscal 2018.

29.     As a result, the Company further reduced its fiscal year 2018 guidance for EBIT growth to between -6 % and -4%, and EPS growth to between -5% and –3%. Defendant Morrison again told investors that the Company remained "committed to returning [the Campbell Fresh division] to profitable growth," and likewise, Defendant DiSilvestro stated that the Company "expect[ed] to see top line growth and positive EBIT in Campbell Fresh in the second half of the year."

30.     On this news, the price of Campbell common stock fell approximately 10% over several trading days, from a close of $47.70 per share on February 15, 2018, to close at $42.90 per share on February 21, 2018.

31.     The full extent of Defendants' false and misleading statements was revealed on May 18, 2018, when the announced its financial results for the third quarter of 2018. Specifically, the Company disclosed that sales in its Campbell Fresh division increased only 1% during the third quarter fiscal 2018 compared to the third quarter fiscal 2017, while

operating earnings further deteriorated—resulting in a loss of $19 million in the third quarter fiscal 2018 as compared to a gain of $1 million in the third quarter fiscal 2017.

32.     Moreover, the Company announced that Campbell Fresh's performance required the Company to take a $619 million pre-tax non-cash impairment charge and caused the Company to revise its fiscal year 2018 guidance for EBIT growth to between -11% and -9%, and EPS growth to between -3% and -1%.

33.     Lastly, the Company announced that Defendant Morrison was stepping down immediately as Chief Executive Officer of the Company and would be replaced on an interim basis by Keith R. McLoughlin, a Campbell board member.

34.     On this news, the price of Campbell common stock fell over 12%, from a close of $39.22 per share on May 17, 2018, to close at $34.37 per share on May 18, 2018.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Campbell securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

36.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Campbell securities were actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class

may be identified from records maintained by Campbell or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

37.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

38.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

39.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Campbell;

- whether the Individual Defendants caused Campbell to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Campbell securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

40.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as

the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

41.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Campbell  securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Campbell securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

42.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

43.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

44.     Plaintiff repeats and reallege each and every allegation contained above as if fully set forth herein.

45.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

46.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Campbell securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Campbell securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

47.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to

influence the market for Campbell securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Campbell finances and business prospects.

48.    By virtue of their positions at Campbell , Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

49.    Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of Campbell, the Individual Defendants had knowledge of the details of Campbell internal affairs.

50.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Campbell. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Campbell businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements,

the market price of Campbell securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Campbell business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Campbell securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

51.    During the Class Period, Campbell securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Campbell securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Campbell securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Campbell securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

52.    By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

53.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases,

acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

54.     Plaintiff repeats and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.     During the Class Period, the Individual Defendants participated in the operation and management of Campbell, and conducted and participated, directly and indirectly, in the conduct of Campbell business affairs.  Because of their senior positions, they knew the adverse non-public information about Campbell misstatement of income and expenses and false financial statements.

56.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Campbell financial condition and results of operations, and to correct promptly any public statements issued by Campbell which had become materially false or misleading.

57.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Campbell disseminated in the marketplace during the Class Period concerning Campbell results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Campbell to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Campbell within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they

participated in the unlawful conduct alleged which artificially inflated the market price of Campbell securities.

58.    Each of the Individual Defendants, therefore, acted as a controlling person of Campbell.  By reason of their senior management positions and/or being directors of Campbell, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Campbell to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Campbell and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

59.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Campbell.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.


Dated:  November 5, 2018                                    Respectfully submitted,


**POMERANTZ LLP**

*/s/ Jonathan Lindenfeld*
Jonathan Lindenfeld
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jlindenfeld@pomlaw.com
        jalieberman@pomlaw.com
        ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com


*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT
## TO FEDERAL SECURITIES LAWS

1.    I, Michael Bankalter _____, make this declaration pursuant to

Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities

Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.   I have reviewed a Complaint against Campbell Soup Company ("Campbell" or the "Company")

and, authorize the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire Campbell securities at the direction of plaintiffs' counsel or in order to

participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or

acquired Campbell securities during the class period, including providing testimony at deposition and trial, if

necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.   To the best of my current knowledge, the attached sheet lists all of my transactions in Campbell

securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not

sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set

forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses

directly relating to the representation of the class as ordered or approved by the Court.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Executed __10/23/18__
              (Date)

_Michael Bankatter_
              (Signature)

_Michael Bankatter_
              (Type or Print Name)

**Campbell Soup Company (CPB)**                                          **Bankalter, Michael**

### List of Purchases and Sales

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|------|------------------|-----------------------|----------------------|
| 2/14/2018 | Purchase | 50 | $47.1426 |
| 5/1/2018 | Purchase | 0.43 | $40.5937 |